UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 17 B 36365 |
| ADAM C. OLIVA, ) | Chapter 7 |
| ) | Judge Donald R. Cassling |
| Debtor. ) | |
| ) | |
| JUSTIN M. CYRNEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 18 A 00189 |
| ) | |
| ADAM C. OLIVA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

A Chapter 7 trustee lacks standing to prosecute a complaint under 11 U.S.C. § 523 objecting to the discharge of debts owed to creditors. Does that trustee nevertheless have the authority to bring a motion to extend the time for those creditors to file their own § 523 complaints? The Fourth Circuit says no, the Sixth Circuit says yes, and the Seventh Circuit has yet to opine on the issue. This Court is persuaded that the Sixth Circuit's view is the better reasoned of the two because it acknowledges the plain language of the applicable Bankruptcy Rules and because it is supported by important policy considerations.

This issue arose in a motion filed by Debtor-Defendant Adam C. Oliva ("Defendant"), seeking to dismiss a § 523 complaint filed by Justin M. Cyrnek ("Plaintiff") as untimely filed. Defendant argues that the complaint should be dismissed because it was filed after the original bar date, even though it was filed prior to an order extending that bar date upon the motion of Chapter 7 Trustee Catherine Steege ("Trustee"). Defendant argues that that extension order was invalidly sought by Trustee. For the reasons that follow, the Court rejects this argument.

In addition, the Court will address an argument raised by Defendant for the first time in his supplemental reply brief: Trustee in this instance never served Defendant personally with a copy of her extension motion, even though his counsel was served electronically. Defendant contends that personal service of this type of motion on a debtor is required, and that the failure of Trustee to personally serve Defendant invalidates the extension order. While the Court could find that Defendant waived this argument by raising it for the first time in his supplemental reply brief, the Court rejects the argument on its merits, holding that Trustee's routine extension motion was not a contested proceeding requiring personal service upon Defendant.

### I.   BACKGROUND

Defendant filed a voluntary Chapter 7 petition on December 7, 2017. On the following day, the Clerk's Office sent out a notice of the bankruptcy case. That notice specified March 12, 2018 as the deadline to object to Defendant's discharge under 11 U.S.C. § 727(a)(2)-(7) or challenge the dischargeability of his debts under 11 U.S.C. § 523(a)(2), (4), or (6). (Bankr. Dkt. No. 9.)

On March 12, 2018, Trustee filed a routine motion seeking to extend the deadlines to object both to Defendant's discharge under § 727 and to challenge the dischargeability of his debts under § 523.[1] (*Id.* at No. 25.) Her service list shows that she served it on all creditors and on the U.S. Trustee, but failed to serve it on Defendant who is the debtor in this case. However, the docket shows that the motion was served on Defendant's counsel electronically. Defendant did not object to this extension request.

In her extension motion, Trustee stated that the "extension [was] necessary due to the fact

---

[1] At the same time as Trustee filed her motion, the U.S. Trustee filed a motion seeking to extend the time to object to discharge under § 727 and a creditor filed a motion seeking to extend the time for that particular creditor to object to discharge of the debt owed to him under § 523. Unlike the motion filed by Trustee, both of these extension motions were served upon Defendant directly.

2

that the continued [first] meeting [of creditors would] not take place until after the 60-day time periods set forth in Rules 4004 and 4007 have passed." (*Id.* at ¶ 5.) The Court granted Trustee's unopposed motion on March 20, 2018 and entered an order extending the deadline to May 31, 2018 (the "Extension Order"). (*Id.* at No. 27.) No party, including Defendant, appealed or filed a motion to alter or amend the Extension Order.

On May 30, 2018, Plaintiff filed a complaint seeking to except from discharge Defendant's debt owed to him under § 523(a)(2) (the "Complaint"). (Adv. Dkt. No. 1.) This filing occurred after the original filing deadline of March 12, 2018 but prior to expiration of the extended filing deadline of May 31, 2018.

On July 19, 2018, Defendant filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). In the motion, Defendant argues that the Court did not have the legal authority to extend the deadline to file a complaint under § 523 and that that portion of the Court's order extending the § 523 deadline was therefore a nullity. (*Id.* at No. 7.) Specifically, Defendant contends that because the extension was requested by Trustee—as opposed to a creditor—the Court lacked the authority to enter the Extension Order and Plaintiff's complaint was therefore untimely. (Adv. Dkt. No. 7, ¶ 5.) Plaintiff filed a response on August 7, 2018, and Defendant filed a reply on August 13, 2018. Both parties submitted supplemental briefs to address the circuit split regarding a trustee's authority to extend the deadline to file complaints under § 523.

## II. DISCUSSION

In reaching its decision, the Court addresses two issues: (1) whether Trustee had standing to extend the time to file a complaint to except a debt from discharge under § 523, and (2) whether the motion to dismiss must be granted because the original extension motion was never personally

served upon Defendant.[2]

## A. Trustee's Authority to Extend the Bar Date

Federal Rule of Bankruptcy Procedure 4007(a) governs *who* may file a § 523 complaint. It answers that question by stating that only "[a] *debtor or any creditor* may file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a) (emphasis added). This Rule is consistent with § 523(c) of the Bankruptcy Code, which also only allows *creditors* to request determinations regarding the dischargeability of certain debts. 11 U.S.C. § 523(c).

By contrast, Bankruptcy Rule 4007(c) controls *when* such a complaint may be brought by a debtor or one of his creditors. Significantly, that Rule provides a broader answer than the one provided by subdivision (a) of the Rule:

> [A] complaint to determine the dischargeability of any debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . *On motion of a party in interest*, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c) (emphasis added).

Defendant argues that the Court did not have the authority to extend the time for creditors to file dischargeability complaints in this case because the wrong party brought the motion. In making this argument, Defendant argues that because Trustee lacks authority to bring a complaint

---

[2] Plaintiff also argues that he and other creditors reasonably relied on the Extension Order, had no reason to duplicate what Trustee had already done, and due to his reliance, his Complaint was timely filed. (Adv. Dkt. No. 8, pp. 2-5.) Plaintiff relies upon *Marshall v. Demos* in support of his position. (*In re Demos*), 57 F.3d 1037 (11th Cir. 1995). In *Demos*, the Eleventh Circuit determined that the creditor could rely on the order to extend time, on motion by the Chapter 7 trustee, as long as the creditor's reliance on the order was reasonable. *Id.* at 1039. The circuit court found that the creditor's reliance was reasonable because the plain language of the order explicitly stated that it applied to all creditors. *Id.* at 1039-40. Several courts have treated an extension order in a similar fashion. *See, e.g., In re Gilbert*, No. 13-10020, 2013 WL 5596975, at *3 (Bankr. S.D. Tex. Oct. 11, 2013); *Ruben v. Harper (In re Harper)*, 194 B.R. 388, 392 (Bankr. D.S.C. 1996); *Flanagan v. Herring (In re Herring)*, 116 B.R. 313, 315 (Bankr. M.D. Ga. 1990). The Court declines to address the merits of this argument or the analysis in *Demos* given the Court's ruling that Trustee constitutes a party in interest with standing to bring the extension motion under Bankruptcy Rule 4007(c).

under § 523, she necessarily lacks the authority to seek an extension of the bar date for bringing such an action.

In support of his argument, Defendant chiefly relies on a 1984 opinion issued by Judge Shadur holding exactly that. *Vaccariello v. Lagrotteria*, 43 B.R. 1007 (N.D. Ill. 1984). In *Vaccariello*, Judge Shadur found that an order which in part extended the time to file a complaint to determine dischargeability of individual debts under § 523 was invalid because the order was entered on the motion of the Chapter 7 trustee. *Id.* at 1012. He reasoned that the trustee's request invalidated that portion of the order because "no such power to obtain a determination of dischargeability is given [to] the *trustee* under the language of either § 523(c) or Rule 4007(a)." *Id.* at 1011 (citing *In re Overmyer*, 26 B.R. 755, 757-59 (Bankr. S.D.N.Y. 1982)). Because the trustee lacked standing to file a dischargeability complaint under § 523, Judge Shadur concluded that the trustee also did not have the power to request an extension of the deadline for a creditor to file such a complaint. *Id.* at 1012. Based on *Vaccariello*, Defendant argues that the § 523 portion of the Extension Order is invalid because it was Trustee who requested the extension, rather than Plaintiff.

This Court is not bound by Judge Shadur's decision and respectfully disagrees with it. The basis for the disagreement is this Court's conclusion that Trustee is a "party in interest" within the meaning of Bankruptcy Rule 4007(c) who does have the explicit authority under that Rule to move for an extension of time allowing creditors to file their own dischargeability complaints.[3]

It is beyond dispute that the Court is not bound by Judge Shadur's opinion. Under the

---

[3] One bankruptcy court in the Northern District of Illinois has agreed with Judge Shader in dicta, but was not actually presented with a trustee's motion to extend the bar date for dischargeability complaints in the case before it. *Fed. Dep. Ins. Corp. v. Kirsch (In re Kirsch)*, 65 B.R. 297, 300 (Bankr. N.D. Ill. 1986). *Kirsch* received criticism from the Seventh Circuit, but on other grounds. *In re Kontrick*, 295 F.3d 724, 731-32 (7th Cir. 2002) (ruling that Bankruptcy Rule 4007(c) is not jurisdictional), *aff'd*, 540 U.S. 443 (2004).

5

principle of stare decisis, "bankruptcy judges are not governed by decisions of individual district judges in multi-judge districts in cases not before the bankruptcy judge." *Volpert v. Ellis (In re Volpert)*, 177 B.R. 81, 85 (Bankr. N.D. Ill. 1995), *aff'd*, 186 B.R. 240 (N.D. Ill. 1995), *aff'd*, 110 F.3d 494 (7th Cir. 1997). "[A] district court decision does not have stare decisis effect; it is not a precedent." *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457 (7th Cir. 2005). "'The reasoning of district judges is of course entitled to respect, but the decision of a district judge cannot be a controlling precedent.'" *Bank of Am., N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003) (quoting *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002)).

The plain language of Bankruptcy Rule 4007(c) explicitly provides Trustee with the requisite authority to seek an extension of the § 523 deadline. The interpretation of a federal rule starts with its plain language. *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989). If the language of the rule is clear, the court should only give effect to it, and end its "judicial inquiry." *Id*. Whenever interpreting a specific phrase, courts should "'consult[ ] any precedents or authorities that inform the analysis.'" *Arreola-Castillo v. United States*, 889 F.3d 378, 387 (7th Cir. 2018) (quoting in part *Kasten v. Saint-Govain Performance Plastics Corp.*, 563 U.S. 1, 7 (2011)). In general, "[a] term appearing in several places in a statutory text is generally read the same way each time it appears." See *Ratzlaf v. United States*, 510 U.S. 135, 143 (1994). Courts should also consider the language and design of the rule in light of all other rules, rather than in a vacuum. *See Silva v. City of Madison,* 69 F.3d 1368, 1371 (7th Cir. 1995). Bankruptcy rules "shall be construed, *administered, and employed by the court* . . . to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

Bankruptcy Rule 4007(c) states that on motion of "a party in interest" the court may extend the time to file a dischargeability complaint. Although neither the Bankruptcy Rules nor the

Bankruptcy Code define who is considered to be a "party in interest," the Seventh Circuit has defined that phrase in a Chapter 11 context[4] to include "someone who has a legally recognized interest in the debtor's assets, namely the debtor (or the trustee in bankruptcy. . .) and the creditors." *In re C.P. Hall Co.*, 750 F.3d 659, 661 (7th Cir. 2014) (interpreting 11 U.S.C. § 1109(b)). Based on the Seventh Circuit's definition, Trustee in Defendant's case is clearly a party in interest, and equally clearly has the authority under Rule 4007(c) to seek an extension of time on behalf of creditors seeking to file a dischargeability complaint. *See Arreola-Castillo*, 889 F.3d at 387 (utilizing precedent when analyzing specific phrases in a statute).

This interpretation is supported by the difference in language between Bankruptcy Rule 4007 subdivisions (a) and (c). Significantly, Bankruptcy Rule 4007(a) clearly limits the ability to file a dischargeability action under § 523 to the "*debtor or any creditor.*" (emphasis added). Equally significantly, Bankruptcy Rule 4007(c) drops that limitation, expanding the ability to file an extension of the § 523 deadline to "a party in interest." The Court will not assume that this distinction was unintentional. Instead, the Court will give meaning to this difference in language between the two subdivisions by holding that Trustee has authority to bring an extension motion even where she does not have authority to bring a § 523 complaint. Accordingly, the Court finds that the Extension Order is valid.

While the Seventh Circuit has never addressed this precise issue, the Fourth and Sixth Circuits have, reaching diametrically opposed conclusions.

In *In re Farmer*, 786 F.2d 618 (4th Cir. 1986), the Fourth Circuit held that a Chapter 7 trustee could not request an extension to file a complaint under § 523 because a trustee is not

---

[4] The Court is not aware of any principled reason for concluding that the Seventh Circuit's definition of the term "party in interest" should be restricted to Chapter 11 cases. To the contrary, for the reasons discussed above, there are strong statutory-construction and policy grounds for concluding otherwise.

permitted to file such complaints in the first place. *Id.* at 620-21. In reaching this decision, the court paid scant attention to the difference in language between subdivisions (a) and (c) of Bankruptcy Rule 4007. But it is significant to this Court's analysis that the Fourth Circuit defined the term "party in interest" more narrowly than the Seventh Circuit did in the *Hall* case, requiring that a party in interest have an "economic interest" in excepting individual debts from discharge, and concluding that a Chapter 7 trustee had no such economic interest. *Id.* (quoting *Overmyer*, 26 B.R. at 758). It is this Court's view that the Seventh Circuit's broader definition of "party in interest" and the significant difference in language used in subdivisions (a) and (c) of Bankruptcy Rule 4007 leads to a different result in this Circuit.[5]

In *Brady v. McAllister*, the Sixth Circuit rejected the reasoning in *Farmer* and found that a Chapter 7 trustee does have the authority to seek an extension of time to file a dischargeability complaint despite the fact that a trustee does not have the ability to file such a complaint. (*In re Brady*), 101 F.3d 1165, 1169-70 (6th Cir. 1996). The circuit court pointed out, for example, that even the *Farmer* court agreed that "a parent company whose wholly-owned subsidiary is a creditor of a Chapter 7 debtor is a 'party in interest' under Rule 4007(c) even though the parent company cannot file a dischargeability complaint." *Id.* at 1170 (citing *Farmer*, 786 F.2d at 620 n.2). If a parent company which cannot file a complaint under § 523 may nonetheless file a motion to extend the deadline for filing such a complaint, there is no rational basis for concluding that a Chapter 7 trustee may not do likewise. *See id.* (explaining that the inability to file a § 523 complaint does not completely bar an individual from filing an extension).

*Brady* also took issue with *Farmer's* conclusion that a Chapter 7 trustee may not be a party

---

[5] For the same reasons, this Court rejects the decisions of those bankruptcy courts from other circuits that have followed suit with *Farmer*. *See In re Owen-Moore*, 435 B.R. 685, 694-95 (Bankr. S.D. Cal. 2010); *Jones v. Jones (In re Jones)*, 206 B.R. 355, 356-57 (Bankr. M.D. Pa. 1997); *see also Herring*, 116 B.R. at 315 (distinguishing *Farmer* but not disagreeing with its analysis).

8

in interest because a trustee has no "economic interest" in the outcome of a § 523 lawsuit. *Id.* at 1170. *Brady* found that Chapter 7 trustees do have a sufficient economic interest to be considered parties in interest because "'nondischargeable debts do share in estate distributions pro rata with dischargeable debts of the same class.'" *Id.* (quoting *In re Meyers* 168 B.R. 856, 861 (Bankr. D. Md. 1994) (citing several cases that find that nondischargeable debts share in distributions)).[6]

*Brady* also pointed out that barring Chapter 7 trustees from filing motions seeking extension of the § 523 deadline could create administrative problems in Chapter 7 cases. *Id.* at 1170-71. For example, in a jurisdiction following the *Farmer* rule, in a Chapter 7 case with thousands of creditors, each creditor having a § 523 claim would be required to file its own extension motion as opposed to one motion filed by the Chapter 7 trustee. *Id.* The Sixth Circuit believed that classifying a Chapter 7 trustee as a "party in interest" and allowing that trustee to file a single extension motion led to a far more efficient and fair result. *Id.* at 1171. That conclusion is particularly apt where, as here, the extension motion was made prior to the conclusion of the first meeting of creditors. Under those circumstances, the Chapter 7 trustee is likely to have more and better information than creditors about whether there may be grounds for bringing a § 523 complaint. The *Brady* court therefore concluded, and this Court agrees, that a Chapter 7 trustee may file a motion seeking to extend the deadline to file a dischargeability complaint under § 523.

Thus, the Court concludes that Trustee is a party in interest capable of extending the deadline to file a dischargeability complaint. Accordingly, the Court denies Defendant's motion to dismiss the Complaint.

---

[6] Even if it were true that nondischargeable debts do not share in distributions, the court in *Meyers* articulated how a Chapter 7 trustee would still have an economic interest. *Meyers*, 168 B.R. at 861. "If the Trustee's duty is to maximize distributions to creditors, . . . then it would appear . . . that a Chapter 7 trustee does indeed have an economic interest" to ensure that creditors have ample opportunity to file dischargeability complaints. *Id.* "An increase in nondischargeable debt would increase the *pro rata* distribution to creditors owed debts that are dischargeable." *Id.*

**B.      Sufficiency of Service on Defendant for Trustee's Motion**

Defendant has raised a new argument for the first time in his supplemental reply, arguing that he did not receive proper notice of Trustee's motion extending the time to file a dischargeability complaint which led to the Extension Order. (Adv. Dkt. No. 21, ¶¶ 19-20.) Due to this lack of personal service, a fact established by the service list attached to Trustee's extension motion, Defendant argues that the Extension Order is ineffective against him. (*Id.* at ¶ 21.) The Court is entitled to conclude that Defendant has waived this argument by waiting to raise it in his supplemental reply brief. *See Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011). However, the Court chooses not to exercise its discretion in that way because Defendant's argument sheds light on a peculiar issue involving Bankruptcy Rule 4007(c) that has not been previously addressed by the Seventh Circuit.

Generally, the Bankruptcy Rules express specific requirements for sufficient service. *See, e.g.*, Bankruptcy Rules 4001 and 4003. Bankruptcy Rule 4007(c), by contrast, does not provide specific requirements for adequate service of process. The lack of guidance from Bankruptcy Rule 4007(c) has required courts to fill in this omission. Caselaw on the subject is sparse, and the courts ruling on the issue have reached divergent conclusions. The split between these decisions stems from whether or not the court addressing the issue finds that a motion extending the time to file a dischargeability complaint constitutes a "contested matter" under Bankruptcy Rule 9014. *Compare In re Kramer*, 492 B.R. 366, 370 (Bankr. E.D.N.Y. 2013) (finding that Bankruptcy 4007(c) motions are contested matters); *with Philmar Jewelers, Inc., v. Cirkinyan (In re Cirkinyan)*, 192 B.R. 643, 647 (D.N.J. 1996) (finding that Rule 4007(c) motions are not contested matters).

Defendant relies upon the *Kramer* decision to support his argument. 492 B.R. 366 (Bankr.

10

E.D.N.Y 2013). In *Kramer*, the court found that a motion brought under Bankruptcy Rule 4007(c) is a "contested matter" in accordance with Bankruptcy Rule 9014 and must thereby comply with the service requirements of Bankruptcy Rule 7004. *Id.* at 370. Bankruptcy Rule 7004, in turn, requires that the movant serve a copy of the motion on the debtor at the address listed on the petition. *Id.* at 370-71 (citing Fed. R. Bankr. P. 7004(b)(9)). As a result of the Chapter 7 trustee's failure to provide notice to the debtor, the court in *Kramer* invalidated the trustee's motion brought under Bankruptcy Rule 4007(c). *Id.* at 371.

This Court respectfully disagrees with *Kramer*. Specifically, the Court finds that the lack of express service requirements in Bankruptcy Rule 4007(c) cuts against the notion that the Rule requires personal service to Defendant. As the Seventh Circuit has stated, courts should consider the language and design of the rule in light of all the other rules, rather than in a vacuum. *See Silva*, 69 F.3d at 1371.

Part IV of the Bankruptcy Rules contains several individual Rules that expressly require service to comply with Bankruptcy Rule 9014. For example, the Bankruptcy Rule governing motions seeking to avoid a lien under § 522(f) states that service must comply with Bankruptcy Rule 9014. Fed. R. Bankr. P. 4003(d). The same is true for motions seeking: (1) stay relief; (2) to prohibit or condition the use, sale, or lease of property; (3) court permission to use cash collateral; and (4) to obtain credit. Fed. R. Bankr. P. 4001(a)(1), (b)(1), (c)(1)(A). Objections to discharge brought under §§ 727(a)(8), (a)(9), or 1328(f) must comply with Bankruptcy Rule 9014. Fed. R. Bankr. P. 4004(d).

On the other hand, Bankruptcy Rule 4007(c) is silent as to service and makes no reference to Bankruptcy Rule 9014. Application of the concept *expressio unius est exlusio alterius* lends further support to the Court's holding in opposition to *Kramer*. That concept provides that "to

11

express or include one thing implies the exclusion of the other . . . ." *In re Globe Bldg. Materials, Inc.*, 463 F.3d 631, 635 (7th Cir. 2006) (internal quotations omitted). Further, when interpreting a rule, a court "will not invent missing language." *Id.* (citing *In re Kmart Corp.*, 359 F.3d 866, 869 (7th Cir. 2004)). As a result, because Bankruptcy Rule 4007(c) lacks the express requirement of personal service upon the debtor found in certain other Rules in Part IV, the Court will conclude that the exclusion was intentional.

The Court therefore rules that Trustee's motion should only have had to comply with the service requirements set by Federal Rule of Civil Procedure 5, incorporated by Bankruptcy Rule 7005. As stated by the court in *Cirkinyan*, "[b]ecause motions to extend time to file complaints to initiate adversary proceedings are part of the adversary proceeding itself, service is governed by Rule 7005 . . . . Under this Rule a motion need only be served on opposing counsel." 192 B.R. at 647.

Federal Rule 5 states that "[i]f a party is represented by an attorney, service . . . must be made on the attorney . . . ." Fed. R. Civ. P. 5(b)(1). The Rule further provides that a movant can provide service "by electronic means if the person consented in writing—in which event service is complete upon transmission . . . ." Fed. R. Civ. P. 5(b)(2)(E); *see* Fed. R. Bankr. P. 9036 ("Whenever . . . the entity entitled to receive the notice requests in writing that . . . the notice be sent by a specified type of electronic transmission, the court may direct the clerk or other person to send the information by such electronic transmission.").

Bankruptcy Rule 5005(a)(2) allows courts to create local rules that permit filing electronically. In this jurisdiction, Local Rule 5005-1(B) provides that electronic filing must be "in accordance with the Administrative Procedures." As amended, the Administrative Procedures for the Northern District of Illinois Bankruptcy Court provide that registration with the Case

Management/Electronic Case Filing System ("CM/ECF") "constitutes waiver of the right to receive notice of hearings and service of documents by personal service or first class mail . . . ." *Administrative Procedures For the Case Management/Electronic Case Filing System*, II.B.2.

To determine whether proper service of Trustee's motion was provided, the issue now is not whether Defendant personally received notice, but whether Defendant's attorney received sufficient notice. In the bankruptcy case, the service list attached to Trustee's motion did not include Defendant or Defendant's counsel. (Bankr. Dkt. No. 25, *Service List*.) Nonetheless, the Notice of Electronic Filing for Trustee's motion shows that Defendant's attorney did receive actual notice electronically. (*Id.*) (providing "17-36365 Notice will be electronically mailed to: David H Cutler on behalf of Debtor 1 Adam C Oliva cutlerfilings@gmail.com, r48280@notifybestcase.com"). "As with proof of mailing of a notice by first class mail, proof of electronic notice presumes receipt of the notice." *Ridley v. Holt (In re Holt)*, 310 B.R. 675, 680 (Bankr. N.D. Tex. 2004). Further, Bankruptcy Rule 9036 provides that "[n]otice by electronic means is complete on transmission." Fed. R. Bankr. P. 9036.

There is no dispute that Defendant's attorney was a registered agent of CM/ECF at the time of Trustee's motion. Upon registration, Defendant's attorney consented to and waived any right "to receive notice of hearings and service of documents by personal service or first class mail . . . ." *Administrative Procedures For the Case Management/Electronic Case Filing System*, II.B.2.

Based on the Notice of Electronic Service receipt and Defendant's attorney's status as a registered agent of CM/ECF, Defendant's attorney was properly served with notice of Trustee's motion. Accordingly, Trustee's motion is not defective due to lack of service, and the Court denies Defendant's motion to dismiss.

### III. CONCLUSION

In conclusion, the Court finds that Trustee is a "party in interest" and has the authority to file a motion under Bankruptcy Rule 4007(c). The Court also concludes that Trustee was not obligated to serve Defendant personally with her motion. For these reasons, the Court denies Defendant's motion to dismiss.

**ENTERED:**

**DATE: October 23, 2018**

**Donald R. Cassling**
**United States Bankruptcy Judge**