# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 17 B 36365 |
| ) | Chapter 7 |
| ADAM C. OLIVA, ) | Judge Donald R. Cassling |
| ) | |
| Debtor. ) | |
| ) | |
| JUSTIN M. CYRNEK, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 18 A 00189 |
| ) | |
| v. ) | |
| ) | |
| ADAM C. OLIVA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes here on the complaint filed by Justin M. Cyrnek ("Plaintiff") against Adam Oliva ("Defendant"), seeking to except from discharge a $204,000 debt Defendant owes him under 11 U.S.C. § 523(a)(2)(A). (Dkt. No. 1.) For the following reasons, the Court finds that, except for the $13,000 Defendant has previously paid Plainitff, the $204,000 debt Defendant owes Plaintiff is nondischargeable under § 523(a)(2)(A).

## JURISDICTION

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O).

## FACTS AND BACKGROUND

The following facts are undisputed. On April 16, 2015, the parties made a deal: Plaintiff agreed to loan Defendant $170,000 in exchange for Defendant's promise to repay him $204,000

on May 1, 2015. (Joint Pre-Trial Stmt., p. 3, ¶¶ 3-6.) The parties memorialized this agreement in writing in the form of a promissory note ("Note"). (*Id.* at p. 3, ¶ 3; Ex. A.) Defendant did not provide Plaintiff with any collateral to secure the Note, and its terms did not restrict Defendant's use of the $170,000. (Joint Pre-Trial Stmt., p. 3, ¶¶ 7 & 8.)

Plaintiff upheld his end of the bargain when he wire-transferred $170,000 to Defendant on April 23, 2015. (*Id.* at ¶ 5.) Defendant then used that $170,000 to pay off a loan he owed to one of his creditors. (*Id.* at p. 4, ¶ 9.) But Defendant did not pay Plaintiff the agreed repayment amount when it became due on May 1, 2015. (*See id.*; *see also* Ex. A for the terms of the Note.) Instead, Defendant paid Plaintiff only $13,000 on the Note — and Defendant did not even make that small payment until May 12, 2015. (Joint Pre-Trial Stmt. p. 4, ¶ 14.) Defendant has not made another payment since then. (*See id.*)[1]

Without more, these undisputed facts would reveal only a typical breach of contract. But Plaintiff alleged additional facts which, if proven, could lead to the debt being rendered nondischargeable. Plaintiff alleges Defendant told him that he would use the money to fund a medical marijuana facility. (Dkt. No. 1, p. 2, ¶ 8.) According to Plaintiff, he justifiably relied on Defendant's word, and he would not have agreed to lend Defendant the $170,000 if he knew Defendant would use the money to pay a creditor instead of using it to fund a medical marijuana facility. (Dkt. No. 49, Ex. 2, ¶¶ 8 & 9.)

Defendant's version of the facts is different. Defendant denies that he ever told Plaintiff that he would use the $170,000 for a medical marijuana facility. (Joint Pre-Trial Stmt. p. 6, ¶ 1.) But Defendant also argues in the alternative that, even if he did make such a statement, Plaintiff

---

[1] The parties did not stipulate in their Joint Pre-Trial Statement that Defendant's $13,000 payment he made on May 12, 2015 was the *only* payment made on the Note. But neither party has alleged another payment was ever made, either pretrial or during the trial. The Court thus finds that Defendant only made one payment to Plaintiff under the Note for $13,000 on May 12, 2015.

could not have justifiably relied on it because the Note's terms did not require Defendant to use the $170,000 for any specific purpose, let alone for a medical marijuana facility. (Joint Pre-Trial Stmt. p. 2, ¶ 2 & p. 3, ¶ 8; Ex. A.)

On December 7, 2017, Defendant filed a Chapter 7 bankruptcy petition, and Plaintiff later filed this adversary proceeding on May 30, 2018, seeking to except the remaining debt Defendant owes him from discharge under § 523(a)(2)(A). (Dkt. No. 1.) On November 5, 2019, the Court denied Defendant's motion for summary judgment. (Dkt. No. 61.) The Court then held a bench trial on January 27, 2020.

## DISCUSSION

The discharge provided by the Bankruptcy Code is meant to give debtors a financial fresh start. *In re Chambers*, 348 F.3d 650, 653 (7th Cir. 2003); *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002). But this discharge is a privilege reserved for the "honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991). Section 523(a)(2)(A) excepts from discharge any debt "for money . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition[.]" 11 U.S.C. § 523(a)(2)(A). The party seeking to establish an exception to the discharge of a debt bears the burden of proving each element by a preponderance of the evidence. *Grogan*, 498 U.S. at 291. Exceptions to the discharge of a debt are to be construed strictly against a creditor and liberally in favor of a debtor. *In re Morris*, 223 F.3d 548, 552 (7th Cir. 2000).

Section 523(a)(2)(A) lists three separate grounds for nondischargeability: false representation, false pretenses, and actual fraud. *CR Adventures LLC v. Hughes (In re Hughes)*, 609 B.R. 789, 802 (Bankr. N.D. Ill. 2019). Plaintiff has alleged all three bases in his complaint, and the Court will address each of them in turn.

3

False Representation Under § 523(a)(2)(A)

To establish an exception from discharge based on a false representation, Plaintiff must prove: "(1) the debtor made a false representation or omission, (2) that the debtor (a) knew was false or made with reckless disregard for the truth and (b) was made with the intent to deceive, (3) upon which the [Plaintiff] justifiably relied." *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010); *see also Reeves v. Davis (In re Davis)*, 638 F.3d 549, 553 (7th Cir. 2011).

Plaintiff sufficiently proved Defendant made a false statement. At trial, Plaintiff testified that Defendant called him on the phone a few days before he signed the Note. (Trial Transcript, p. 43, lines 3-5.) Plaintiff testified that Defendant asked for a loan for a medical marijuana dispensary license during that phone conversation. (*Id.* at p. 43, line 17 through p. 44, line 14.) Defendant, according to Plaintiff, said his medical marijuana business was already set up, but that he needed $170,000 to maintain the total cash requirement to obtain a license. (*Id.* at p. 43, line 25 through p. 45, line 2.) Michael Martin, Plaintiff's lawyer who drafted the Note and was part of the same phone conversation, also testified at trial and corroborated Plaintiff's account of the conversation. (*Id.* at p. 13, lines 18-23 & p. 15, lines 5-14.) The Court found the testimony of both witnesses credible. *See Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 574-75 (1985) (noting that trial judges are in the best position to make determinations of credibility.)

Defendant, who did not call any witnesses during the trial, did not offer any evidence to rebut either Plaintiff's or Michael Martin's testimony about what Defendant said on the phone. Defendant admitted that he never took any action toward the opening of a medical marijuana dispensary business, other than the preparation of a limited liability company operating agreement, which was never consummated. (Joint Pre-trial Stmt. p. 4, ¶ 12.) Defendant also admitted he never applied for authorization to operate a medical marijuana facility and has never operated one

4

before. (*Id.* at p. 4, lines 10-11.) Thus, Plaintiff proved the first element because he demonstrated that Defendant made a false statement about requesting a loan for a medical marijuana license.

In addition, Plaintiff proved Defendant knew his false statement about needing a loan for a medical marijuana dispensary license was false and that Defendant intended to deceive him. Although Plaintiff did not offer direct evidence of Defendant's knowledge and intentions at trial, that evidence is unnecessary. Instead of direct evidence, intent can also be proved based on the totality of the circumstances. *Tillman Enters., LLC v. Horlbeck (In re Horlbeck)*, 589 B.R. 818, 839 (Bankr. N.D. Ill. 2018).

The totality of the circumstances establishes that Defendant knew that his statement about needing the loan to obtain a medical marijuana license was false because he admitted in the pretrial statement that he never took any action toward opening a medical marijuana dispensary. (Joint Pre-Trial Stmt. p. 4, ¶ 12.) The facts further establish that Defendant intended to deceive Plaintiff because Defendant used the $170,000 he purportedly needed for a non-existent medical marijuana business to instead pay off a creditor. (*Id.* at ¶ 9.) At trial, Defendant adduced no evidence to prove he had a different, non-deceitful intent. Based on those circumstances, the Court finds that Defendant's false statement was a ruse intended to deceive Plaintiff into providing him with money so he could use it to repay a creditor.

Finally, Plaintiff proved that he actually and justifiably relied on Defendant's false statement. *See Bank of Commerce & Trust Co. v. Strauss (In re Strauss)*, 523 B.R. 614, 629 (Bankr. N.D. Ill. 2014) ("Reliance must have been both actual and justifiable."). Actual reliance "means that the omission or misrepresentation was the cause-in-fact of the debt." *Id.* Justifiable reliance requires that a creditor not "'blindly [rely] upon a misrepresentation'" if he could have discovered the falsity by making even "'a cursory examination or investigation.'" *Ojeda*, 599 F.3d

5

at 717 (quoting *Field v. Mans*, 516 U.S. 59, 71 (1995)). The justifiable reliance standard does not generally impose a duty to investigate, unless the falsity of the representation was readily apparent. *Field*, 516 U.S. at 70-72. Whether a party justifiably relies on a misrepresentation is determined by looking at the circumstances of a particular case and the characteristics of a particular plaintiff, not by an objective standard. *Ojeda*, 599 F.3d at 717.

Plaintiff proved he relied on Defendant's false statement because he testified that he would not have made the loan to Defendant if he had known he did not have a medical marijuana business in place and had never applied for a medical marijuana license. (Trial Transcript p. 46, line 7 through p. 47, line 7.) Defendant adduced no evidence to rebut Plaintiff's testimony.

Additionally, Plaintiff proved he justifiably relied on Defendant's false statement. Plaintiff testified that he loaned Defendant $30,000 a few months before the phone conversation for a similar business venture and that Defendant repaid him within about a week. (*Id.* at p. 40, lines 1-21.) Michael Martin also testified that Defendant said nothing that led him to believe Defendant did not have, or might not have, a medical marijuana business. (*Id.* at p. 17, lines 7-18.) Defendant, again, offered no evidence to show Plaintiff should not have relied on his false statement. Thus, Plaintiff sufficiently proved he actually and justifiably relied on Defendant's false statement.

### False Pretenses and Actual Fraud Under § 523(a)(2)(A)

The Court need not address Plaintiff's alternative grounds of false pretenses and actual fraud for dischargeability under § 523(a)(2)(A) because Plaintiff sufficiently proved Defendant made a false representation to obtain money on which Plaintiff relied.

### Amount of the Debt To Be Excepted From Discharge

Because the Court has determined that Plaintiff relied on Defendant's false statement, the Court must now determine the extent of the $204,000 that is to be discharged. Although Plaintiff

was owed $204,000 under the Note, the parties stipulated that Defendant paid him $13,000 on May 12, 2015. (Joint Pre-Trial Stmt. p. 4, ¶ 14.) Thus, the total amount excepted from discharge is the $191,000 that remains outstanding on the Note.

## CONCLUSION

For the reasons discussed above, the Court finds that the $191,000 that Defendant still owes Plaintiff under the Note is nondischargeable under § 523(a)(2)(A).

**ENTERED:**

DATE: **FEB 25 2020**

*Donald R. Cassling* SRR

**Donald R. Cassling**
**United States Bankruptcy Judge**